# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00091-FDW

| | |
|---|---|
| **BRICE CHRISTOPHER MOORE,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) **ORDER** |
| **H. CORPENING, et al.** | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on the following:[1]

(1) Motion to Make a Request for Defendants to do on Other Grounds that the Court Didn't Grant in the Answers to Plaintiff's Complaint; Motion for an Order to Reconsider Plaintiff Conditions [Doc. 21];

(2) Motion to Make Marion Correctional to Disconnect Plaintiff Vents from his Cell Which the Court Order on 5-30-2019 and Marion Correctional Refuses to Comply and to Receive the Protection that Plaintiff Keep Pleading to the Courts for Protection for His Life [Doc. 22];

(3) Motion for Finding of Contempt to Enforce for Further Relief to Ensure Compliance [Doc. 23];

(4) Motion to be Transferred from Marion Correctional to H-CON Higher Security Lock-Up Facility for Plaintiff's Safety. Reasons Stated Below. [Doc. 25];

---

[1] The Plaintiff has also filed a "Declaration of Motion to Memorandum of Law" and Motion to Appoint Counsel in a separate action, Civil Case No. 1:19-cv-00201-FDW, in which the Plaintiff seeks the same relief he seeks in the instant case based on the same alleged facts.

1

(5) Motion to Have Ventilation System Tested for Bacteria in E-Unit Restrictive Housing. And Not Focussing on the Expense for an Ongoing Inhumane Condition of Bacteria Exiting Out of the Ventilation System [Doc. 26];

(6) Motion for Transfer for Plaintiff Health from Fumes of Fecals in the Ventilation System and Administrative Refusing Court Orders by Trying to Take an Easy Way Out, When There is Several Solutions to Resolve the Problem [Doc. 27];

(7) Motion for Transferer to H-CON for the Reasons of Thomas Hamilton Refusing to Disconnect Plaintiff's Vents from His Cell Location, and the Courts Not Having the Vents Tested Has Continue to Place the Plaintiff in Extreme Danger. Plaintiff is Already Constantly Sick from the Fumes and Continues to be Sick [Doc. 28]; and

(8) Motion for Transfer to H-CON Maximum Security [Doc. 29].

In reviewing and attempting to distill the Plaintiff's eight motions before the Court, it seems Plaintiff seeks three primary things: (1) the Defendants' compliance with the Court's May 31, 2019 Order; (2) the testing of the ventilation system in Plaintiff's housing unit for bacteria; and (3) transfer to Polk Correctional Institution's high-security maximum control unity (HCON) in Butner, North Carolina. The Court, however, is without sufficient information to efficiently and collectively rule on Plaintiff's motions. As such, the Court will order Defendants to respond to Plaintiff's motions, specifically but not limited to these three categories of relief enumerated by the Court. Defendants shall also include in their response a sworn statement by Defendant Corpening, or other official at Marion Correctional Institution was sufficient knowledge and authority, regarding:

(1) exactly what measures have or have not been taken at MCI to comply with the Court's

May 31, 2019 Order [Doc. 17];

(2) why such measures were or were not taken;

(3) when such measures were taken;

(4) the current state of the Plaintiff's prison cell and ventilation system feeding his cell; and

(5) any other information necessary or proper for the Court to consider in relation to the Defendants' compliance with the Court's May 31, 2019 Order.

Further, if officials at MCI have not complied with this Court's May 31, 2019 Order, the Defendants' response shall state why sanctions or a finding of contempt should not issue.

The Plaintiff is <u>strongly</u> cautioned against filing further documents with the Court that seek the same relief sought in other filings with the Court, whether they have been ruled on or not, or provide the same information that has been provided in previous filings. Inundating the Court with filings, especially those that are duplicative or redundant, is not only frustrating to the Court, but also slows the adjudicative process down considerably. The Plaintiff is further cautioned that should he continue to file redundant or duplicative documents with the Court he may be required to seek leave of court before he will be allowed to file anything further. The Court is not unsympathetic to Plaintiff's position; however, monopolizing the Court's resources is not a helpful or judicious path for the Plaintiff.

The Court will withhold ruling on the motions before it pending Defendants' response to Plaintiff's motions, together with a sworn statement by Defendant Corpening or other MCI official, in accordance with the terms of this Order.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant shall have fourteen (14) days to file a response to Plaintiff's motions in

accordance with the terms of this Order.

(2) The Court shall withhold ruling on Plaintiff's motions [Docs. 21, 22, 23, 25, 26, 27, 28, 29] until after Defendants' response.

(3) The Clerk is directed to mail a copy of this Order, together with a copy of Doc. No. 17, to the Warden at Marion Correctional Institution.

Signed: June 28, 2019

Frank D. Whitney
Chief United States District Judge