**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00091-FDW**

| | |
|---|---|
| **BRICE CHRISTOPHER MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **H. CORPENING, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on the following:

(1) "Plaintiff Opposition to Defendants' Response to Doc. No. 30 and for the Court to Reconsider the Order to be Carried-Out, or Transfer to be Granted or Reconsidering Testing for Bacteria of Fecals/Urine" [Doc. 38];

(2) Plaintiff's "A Motion to Put Court on Notice" [Doc. 39];

(3) Plaintiff's "Motion to Please be Transferred from Here as Soon as Possible. I Need This Bacteria Out of My System" [Doc. 40]; and

(4) Plaintiff's "Motion to the Court to Have Plaintiff Transferred Out of This Condition, or to Enforce Marion Correction to Disconnect Plaintiff Vents, or Cover Them So No Air of Bacteria Can Escape Through the Vents, and Provide Me a Fan. And to Order Testing of Ventilation by the Human Resource Health Department Inside Plaintiff Cell While Plaintiff is Present" [Doc. 41].

## I. BACKGROUND

Pro se Plaintiff Brice C. Moore ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution (MCI) in Marion, North Carolina. Plaintiff filed this action on March 22, 2019, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) H. Corpening, identified as the Superintendent of MCI; (2) FNU Watkins, identified as the Assistant Superintendent of MCI; and (3) Thomas Hamilton, identified as Assistant Unit Manager at MCI. [Doc. 1 at 2].

Plaintiff brings a claim against Defendants complaining of his conditions of confinement in violation of his Eighth Amendment rights. [Doc. 1]. Plaintiff also brings a First Amendment retaliation claim against Defendant Hamilton. [Id.]. The Plaintiff's Complaint primarily revolves around the Defendants' response to and the Plaintiff's conditions of confinement created by the alleged placement of fecal matter in the ventilation system by certain gang members.

Before the instant motions, the Plaintiff had filed 17 motions with the Court since March 22, 2019. The Court has issued rulings on all 17 of these motions. [Docs. 17, 36]. In its most recent Order, and in accordance with its previous admonition, the Court ordered that Plaintiff must seek leave of Court before he may file any further documents with the Court in this matter. The Court explained that, "[t]his means that Plaintiff must move to file any and all documents he wishes to file in this matter, stating the grounds for their filing, and attach to his motion a copy of the document he seeks to file." [Doc. 36 at 4-5, 8]. This Order was filed on July 30, 2019 and mailed to the Plaintiff on July 31, 2019. The instant motions were signed and mailed by the Plaintiff on July 29, 2019; July 30, 2019; August 1, 2019; and August 2, 2019, respectively. [See Docs. 38, 39, 40, 41]. As for Docket Nos. 40 and 41, which were signed and dated after the Court's July 30, 2019 Order prohibiting the Plaintiff from filing documents in this matter without leave of Court,

the Court gives Plaintiff the benefit of the doubt in assuming without deciding that these documents were mailed before the Plaintiff actually received the Court's July 30, 2019 Order in the mail.

With that preface, and only because these motions were likely mailed by the Plaintiff before he received the Courts' July 30, 2019 Order, the Court turns to the Plaintiff's motions.

## II.    PLAINTIFF'S MOTIONS

In the instant motions, the Plaintiff again seeks relief that has been previously requested and denied by this Court.  Specifically, the Plaintiff again seeks the Court to order bacterial testing of the ventilation system at MCI, that the Plaintiff be transferred to a different prison, or that the ventilation system be disconnected. [See Docs. 38, 39, 40, 41].  The Plaintiff has not stated any new grounds warranting different relief than that which has already been ordered by this Court and the Court declines to again revisit these issues.  The Plaintiff also moves "to set up a meeting" so that the undersigned can personally see the Plaintiff's physical condition.  The Plaintiff is advised that it is not within the province of this Court to sanction or engage in the type of encounter the Plaintiff seeks.  These motions will, therefore, be denied.

In these motions, the Plaintiff also makes numerous threats against prison officials at MCI and against certain Defendants in this case.  Specifically, the Plaintiff states that he intends to take the life of these individuals as retribution for their conduct and as a means of getting transferred to a higher security facility.  The Court declines to address the Plaintiff's threats other than to note that they have been referred to the proper authorities for investigation.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's motions [Docs. 38, 39, 40, 41] are **DENIED**.

(2) The Court's previous order prohibiting Plaintiff from filing documents without leave of Court [Doc. 36] remains effective.

3

(3) The Clerk is directed to mail a copy of this Order to the Warden at Marion Correctional Institution.

Signed: August 22, 2019

Frank D. Whitney
Chief United States District Judge